IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTOINO DIVISION

| | |
|---|---|
| DENNIS OLIVARES § | |
|   Plaintiff § | Civil Action No. |
| V § | 5:12-cv-1071 |
| RAUSCH, STURM, ISRAEL, ENERSON, & § HORNICK, LLC § | COMPLAINT |
|   Defendant § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW the Plaintiff, DENNIS OLIVARES, by and through Counsel, William M. Clanton, and for his complaint against the Defendant, alleges as follows:

**INTRODUCTION**

1. Defendants engaged in abusive and invasive collection practices including placing hundreds of telephone calls and failing to stop collection calls after a Plaintiff revoked his permission.

2. Defendant engages in a business plan, pattern and practice of malicious and despicable conduct by invading the privacy rights of consumers by attempting to collect debts not owed and intimidating consumers. *Dusek v. Rausch, Sturm, Israel, Enerson & Hornik, LLC,* No. 3:11-cv-01160 (N.D. Tex., Jun. 1, 2011); *Kruhalski v Rausch, Sturm, Israel, Enerson, & Hornik, LLC*, No. 5:10-cv-00651 (W.D. Tex., Aug. 4, 2010); *Meyers v Rausch, Sturm, Israel, Enerson, & Hornik, LLC. And Citibank, N.A.*, No. 4:12-cv-00246 (E.D. Tex., Apr. 26, 2012).

3. As a result of Defendant's unlawful and intrusive conduct Plaintiff suffered physical and emotional injury, including emotional distress such as, anxiety, sleeplessness, frustration, anger, humiliation, nervousness, among other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

4. According to 15 U.S.C. § 1692:

    (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
    (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
    (d) Abusive debt collection practices carries on to a substantial extent in interstate commerce and through the means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

**PARTIES**

6. Plaintiff DENNIS OLIVARES (hereinafter "PLAINTIFF") was a resident of San Antonio, County of Bexar, State of Texas, at all times relevant herein.

7. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3) and as defined by Texas Finance Code §392.001(1).

8. Defendant RAUSCH, STURM, ISRAEL, ENERSON, & HORNIK, LLC (hereinafter "RSIEH") has a principal purpose of attempting to collect debts, and regularly engages in the collection of consumer debts originally owed to another. RSIEH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code §392.001(6). Defendant is currently doing business in Texas.

9. According to its website RSIEH is a debt collector. http://www.rsieh.com/.

**FACTUAL ALLEGATIONS**

10. PLAINTIFF allegedly incurred a financial obligation to State Farm Bank. The alleged debt was incurred for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and "consumer debt" as that term is defined by Texas Finance Code §392.001(2).

11. July 22, 2011, PLAINTIFF, frustrated after receiving numerous calls from RSIEH, sends an e-mail requesting RSIEH quit making calls.

12. July 28, 2011 RSIEH employee Robert Turnbull replies via email stating that PLAINTIFF "should not have to worry about more calls for awhile."

13. The calls continue until PLAINTIFF becomes utterly frustrated and begins keeping a log of the calls.

14. On the morning of September 12, 2011 PLAINTIFF answers his home telephone to silence. This is not the first time this has happened, so PLAINTFF pushes buttons on the phone in hopes of getting a response. The line goes dead. This call is the first entry in PLAINTIFF'S log.

15. September 22, 2011 RSIEH calls PLAINTIFF who answers his home phone to a computerized voice recording telling him to call RSIEH to pay the alleged debt.

16. RSIEH engages in the similar behavior on:

   a. October 3, 2011,

   b. October 5, 2011,

   c. October 10, 2011,

   d. at least twice October 13, 2011,

   e. October 20, 2011,

   f. November 8, 2011,

   g. November 22, 2011,

   h. at least twice on December 2, 2011,

   i. December 3, 2011,

   j. December 4, 2012,

   k. December 5, 2012,

   l. December 7, 8, and 9, 2011 RSIEH calls and hangs up, leaves computer generated messages, and calls for someone other than PLAINTIFF.

17. Due to the volume of calls PLAINTIFF's log is incomplete, however, on at least 337 occasions RSEIH hung up, left computer generated messages, or made calls intended for people other than PLAINTIFF. PLAINTIFF'S log of calls from RSIEH begins on September 12, 2011 and ends August 22, 2012.

### FIRST CLAIM FOR RELIEF – FDCPA

18. Plaintiff repeats, re-alleges, and incorporates by this reference all of the paragraphs above as though fully stated herein.

19. The foregoing acts and omissions of RSIEH constitute violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692e and 1692f.

20. RSIEH violated 15 U.S.C. § 1692c(c) by failing to cease and desist.

21. RSIEH violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to abuse, annoy, and harass.

22. RSIEH violated 15 U.S.C. § 1692d(5) by making repeated and continuous calls in an attempt to collect a debt.

23. RSIEH violated 15 U.S.C. § 1692e by using unfair or unconscionable means to collect a debt.

24. As a result of the above violations of the FDCPA, RSIEH is liable to PLAINTIFF for statutory damages, actual damages, costs, and attorney's fees.

### SECOND CLAIM FOR RELIEF – TCPA

25. Plaintiff repeats, re-alleges, and incorporates by this reference all of the paragraphs above as though fully stated herein.

26. The foregoing acts and omissions constitute violations of the TCPA including but not limited to 47 U.S.C. §227(b).

27. RSIEH violated 47 U.S.C. §227(b) which prohibits telephone calls to any residential telephone line using an artificial prerecorded voice to deliver a message without the prior express consent of the called party.

28. Defendant's acts described above were committed willfully.

29. As a result of the above violations of the TCPA, RSIEH is liable to PLAINTIFF for statutory damages, actual damages, costs, and attorney's fees.

**THIRD CLAIM FOR RELIEF – INTRUSION ON SECLUSION**

30. Plaintiff repeats, re-alleges, and incorporates by this reference all of the paragraphs above as though fully stated herein.

31. Defendant's outrageous, abusive, willful, knowing, and malicious acts constitute intrusion upon Plaintiff's seclusion.

32. Defendant intentionally intruded on the Plaintiff's solitude and seclusion.

33. Defendant's intrusion would be highly offensive to a reasonable person.

34. PLAINTIFF suffered injuries as a result of RSIEH's intrusion.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

36. Defendants acted with malice thereby entitling Plaintiff to exemplary damages in an amount according to proof and finding of fact at trial.

**FOURTH CLAIM FOR RELIEF – TEXAS FAIR DEBT ACT**

37. Plaintiff repeats, re-alleges, and incorporates by this reference all of the paragraphs above as though fully stated herein.

38. The foregoing act and omissions by RSIEH constitute violations of the Texas Fair Debt Act including, but not limited to Texas Finance Code §392.302.

39. Defendant violated Texas Finance Code §392.302(4) by causing a telephone to ring repeatedly and by making repeated telephone calls, with the intent to harass a person at the called number.

40. As a result of the above violations of the Texas Fair Debt Act, RSIEH is liable to PLAINTIFF for statutory damages, actual damages, costs, and attorney's fees.

**FIFTH CLAIM FOR RELIEF – TEXAS DECEPTICE TRADE PRACTICES ACT**

41. Plaintiff repeats, re-alleges, and incorporates by this reference all of the paragraphs above as though fully stated herein.

42. Per the Texas Finance Code §392.404(a) a violation of the Finance Code §392 is per se a deceptive trade practice and is actionable under Chapter 17, Subchapter E of Texas Business & Commerce Code.

43. By its violations of the Texas Fair Debt Act Defendant violated the Texas Deceptive Trade Practices Act.

44. As a result of the above violations of the Texas Deceptive Trade Practices Act, RSIEH is liable to PLAINTIFF for actual damages, three times actual damages, costs, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant him the following relief from Defendants:

1. Actual Damages;
2. Actual Damages pursuant to TEXAS BUSINESS & COMMERCE CODE §17.50(h);
3. Three times actual damages pursuant to TEXAS BUSINESS & COMMERCE CODE §17.50(h);
4. Statutory Damages;
5. Exemplary Damages;
6. Plaintiff's reasonable attorney's fees;
7. Costs of the action; and
8. Such other and further relief as the Court may deem just and proper.

Dated November 12, 2012

Respectfully Submitted,

*/s/ William M. Clanton*

William M. Clanton
Texas Bar No 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

_____     11-12-12
William M. Clanton          Date

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS          )
                        )
COUNTY OF BEXAR         )

Pursuant to 28 U.S.C. § 1746, Plaintiff DENNIS OLIVARES, having first been duly sworn and upon oath, verifies, certifies and declares as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __12th__ day of __November__, __2012__.

_Dennis olivares_
DENNIS OLIVARES