UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 2 6 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | | |
|---|---|---|
| DENNIS OLIVARES, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-12-CA-1071 |
| RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC, | § § § § | |
| Defendant. | § § | |

## ORDER

The matter before the Court is Plaintiff's Omnibus Motion to Compel Initial Discovery Disclosures and for Revised Scheduling Order (Docket Entry 25.) The Court held a hearing on this motion on September 25, 2013. In accordance with the Court's ruling at the hearing, the Motion is **GRANTED IN PART, DENIED WITHOUT PREJUDICE IN PART,** and **DENIED IN PART**.

1. Plaintiff's Motion is **GRANTED IN PART** as to Plaintiff's interrogatories and requests for production concerning telephone calls Defendant made to Plaintiff, as follows: **within 10 days of the date of this Order**, Defendant must produce a list of telephone calls dating back to July 2010 that Defendant made to Plaintiff, including (i) the telephone number called to and the telephone number called from; (ii) the time, date, and duration of each call; (iii) the manner in which each call was placed (*e.g.*, by a machine or live-person caller); (iv) the identity of the individual who made each live-person call; and (v) the individual who (or entity that) directed each live-person or machine-placed call to be made. Should any of the above information be unavailable as to any of the calls Defendant made to Plaintiff during the specified time period, Defendant shall so state.

Should Defendant possess any audio recording or transcription of any listed telephone call, including any recording or transcription of any pre-recorded message played during a machine-placed call, it must likewise produce this recording or transcription within the time provided. Defendant need not produce any recording or transcription that has previously been produced.

2.  With the exception of the production required by Paragraph 1 above, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** as to interrogatories 14 through 21. For the reasons stated at the hearing on this matter, the Court overrules Defendant's objection that these interrogatories exceeded the number allowed by Federal Rule of Civil Procedure 33(a)(1); however, with the exception of the matters covered by Paragraph 1, Plaintiff has failed to show that he is entitled to compelled discovery with regard to the interrogatories at this time. *See Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("The burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence.") Nevertheless, should Defendant seek at trial to introduce previously undisclosed evidence that would fairly have been the subject of these interrogatories, such conduct would tend to demonstrate the relevance and discoverability of such evidence, and Defendant's failure to disclose it without justification could be considered a violation of this Order. Accordingly, such conduct could be subject to "further just orders" under Federal Rule of Civil Procedure 37(b)(2)(A), in which case Plaintiff should be allowed to renew his motion as a motion to strike or for other appropriate sanctions.[1]

---

[1] Defendant may, of course, render this issue moot by supplementing its responses to interrogatories 14 through 21 and/or producing records that would be responsive to those interrogatories, if it plans to introduce such records at trial. *See* FED. R. CIV. P. 33(d) (giving party option of responding to interrogatories by producing records).

3. Plaintiff's request for payment of expenses is **DENIED** at this time, as the circumstances make an award of expenses unjust. *See* FED. R. CIV. P. 37(a)(5)(A)(iii).

4. All other relief requested in Plaintiff's motion is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 26th day of September, 2013.

Henry J. Bemporad
United States Magistrate Judge